IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JAMES SIKOSKI )
)
v. ) NO. 3:05-0641
) JUDGE CAMPBELL
EATON LEONARD USA )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 8). For the reasons stated herein, Defendant's Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff is a former employee of Defendant Eaton Leonard USA ("ELU"). Plaintiff alleges that, on or about February 28, 2005, ELU employees accused Plaintiff of being intoxicated and published the defamatory information within the company.[1]

Plaintiff contends that Defendant ELU is liable for the publication of defamatory information about the Plaintiff and that, because of Defendant's wrongful acts, Plaintiff has been economically damaged in the job market and his reputation has been damaged.[2]

Defendant has moved to dismiss Plaintiff's Complaint because it is too vague as a matter of law to state a claim and it does not plead an essential element of defamation (legal publication). Defendant asserts that communications within ELU are not "published" as required for a defamation

---

[1] Plaintiff's Complaint also alleges that Plaintiff's employment with ELU was immediately terminated. This action alleges no cause of action, however, for wrongful termination.

[2] Although Plaintiff's Complaint does not allege a basis for jurisdiction in this Court, it can be fairly understood from the allegations that the basis is diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332.

action and that communications to Plaintiff himself cannot be a "publication" for defamation purposes.

Plaintiff's Opposition Memorandum (Docket No. 12) refers to an "Amended Complaint" which has not been filed and, therefore, is not before the Court. The Court makes this decision based upon the record as it exists, and the only Complaint is Docket No. 1.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

## DEFAMATION

To establish a *prima facie* case of defamation in Tennessee, Plaintiff must establish that (1) Defendant published a statement, (2) with knowledge that the statement is false and defaming to Plaintiff; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. Sullivan v. Baptist Memorial Hospital, 995 S.W.2d 569, 571

2

(Tenn. 1999). "Publication" is a term of art meaning the communication of defamatory matter to a third person. Id.

In Tennessee, communication among agents of the same corporation made within the scope and course of their employment relative to duties performed for that corporation are not to be considered as statements communicated or publicized to third persons. Woods v. Helmi, 758 S.W.2d 219, 223 (Tn. Ct. App. 1988); Siegfried v. Grand Krewe of Sphinx, 2003 WL 22888908 at * 2 (Tenn. Ct. App. Dec. 2, 2003).

In this case, Plaintiff has not alleged publication to anyone outside the Defendant corporation. In fact, the Complaint specifically says that ELU employees published the defamatory information "within the company." Docket No. 1, ¶ 5. There is no allegation in the Complaint of publication to third parties, which is a necessary element of a defamation claim.

Therefore, Defendant's Motion to Dismiss is well-taken and is GRANTED. This action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE